THE HONORABLE JOHN H. CHUN

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

------------------------------------------------------- x

| | | |
|---|---|---|
| SONNY JOYCE, Individually and on Behalf of All Others Similarly Situated, | : | No.: 2:22-cv-00617-JHC |
| | : | |
| Plaintiff, | : | **MOTION OF UNIVERSAL-INVESTMENT-GESELLSCHAFT MBH AND UNIVERSAL-INVESTMENT-LUXEMBOURG S.A. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| v. | : | |
| AMAZON.COM, INC., ANDREW R. JASSY, JEFFREY P. BEZOS, BRIAN T. OLSAVSKY, DAVID A. ZAPOLSKY, and NATE SUTTON, | : | |
| | : | |
| Defendants. | : | **ORAL ARGUMENT REQUESTED** |
| | : | **NOTE ON MOTION CALENDAR: JULY 22, 2022** |

------------------------------------------------------- x

UNIVERSAL'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL (2:22-CV-00617-JHC)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

**PLEASE TAKE NOTICE** that, on a date and time as may be set by the Court, Universal-Investment-Gesellschaft mbH ("Universal Germany") and Universal-Investment-Luxembourg S.A. ("Universal Luxembourg," and together, "Universal") will, and hereby do, move this Court pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for entry of an Order (i) appointing Universal as Lead Plaintiff to represent all those who purchased or otherwise acquired the publicly traded common stock of Amazon.com, Inc. during the Class Period pursuant to the PSLRA, 15 U.S.C. § 78u-4; and (ii) approving Universal's selection of Motley Rice LLC ("Motley Rice") as Lead Counsel on behalf of the proposed Class.

This Notice of Motion and Motion are made on the grounds that Universal is the "most adequate plaintiff" pursuant to the Exchange Act.  *See* 15 U.S.C. § 78u-4(a)(3)(B).  Universal meets the requirements of Federal Rule of Civil Procedure 23(a) ("Rule 23") because its claims are typical of other Class members' claims and because it will fairly and adequately represent the Class.

This Motion is based upon the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of Christopher F. Moriarty ("Moriarty Decl."), the pleadings and files referenced herein, and such other written or oral arguments as may be presented to the Court. A proposed order is also submitted herewith.

For the foregoing and following reasons, Universal respectfully requests that the Court: (i) appoint Universal Lead Plaintiff pursuant to the PSLRA; (ii) approve Motley Rice as Lead Counsel for the proposed Class; and (iii) grant such other and further relief as the Court may deem just and proper.

UNIVERSAL'S MOTION FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF LEAD
COUNSEL (2:22-CV-00617) - 1

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

# MEMORANDUM OF LAW

## NATURE AND STAGE OF THE PROCEEDINGS

The Action presently pending before this Court is brought on behalf of those who purchased or otherwise acquired Amazon.com, Inc. ("Amazon" or the "Company") stock between February 1, 2019 and April 5, 2022, both dates inclusive (the "Class Period"), which seeks to recover damages caused by Defendants' violations of the Exchange Act.

Another action, *CWA Local 118 Members' Annuity Fund and CWA Local 1180 Administrative Benefits Fund v. Amazon.com, Inc., et al.*, No. 2:22-cv-00907 (W.D. Wash.) (the "CWA Local Action"), was filed on June 28, 2022. The CWA Local Action was brought "on behalf of persons and entities that acquired Amazon common stock between February 1, 2019 and April 28, 2022, inclusive . . . against the Defendants . . . for Defendants' violations of sections 10(b) and 20(a) of the [Exchange Act.]" CWA Local Action, Class Action Complaint ¶ 1, ECF No. 1. The CWA Local Action pleads an additional corrective disclosure on April 28, 2022, and a subsequent 14.05% drop in Amazon's stock price the following day, which allegedly caused damage to investors. *Id.* at ¶¶ 16, 17. On June 30, 2022, the plaintiffs in the CWA Local Action dismissed their Class Action Complaint without explanation. *See* CWA Local Action, ECF No. 10. Accordingly, at this stage, the only Class Period on file is between February 1, 2019 and April 5, 2022, both dates inclusive.[1]

With respect to the appointment of a lead plaintiff to oversee the Action, Congress established a presumption in the PSLRA that requires the Court to appoint the "most adequate plaintiff" as the lead plaintiff for the Action. 15 U.S.C. § 78u-4(a)(3)(B)(i). The "most adequate

---

[1] Given the timing of the filing of the CWA Local Action and its subsequent prompt dismissal right before the July 4, 2022 holiday weekend, Universal reserve the right to request the Court enquire into the reasons behind the dismissal, especially given that the longer class period alleged in the CWA Local Action significantly impacts certain Class members' losses, including Universal's, and Universal's reliance on the class period alleged in the CWA Local Action in bringing this Motion.

UNIVERSAL'S MOTION FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF LEAD
COUNSEL (2:22-CV-00617) - 2

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

plaintiff" is the person who has the "largest financial interest in the relief" and who also satisfies Rule 23's typicality and adequacy requirements for class representatives. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

With losses of **$89,684,614.78** during the expanded class period alleged in the CWA Local Action, and **$62,700,150.75** in the Class Period alleged in this Action, Universal, to the best of its counsel's knowledge, has the largest financial interest in this litigation of any movant. Universal also satisfies Rule 23's typicality and adequacy requirements. Universal's claims are typical of the Class's claims because Universal Germany's and Universal Luxembourg's funds suffered losses on their Amazon investments as a result of Defendants' false and misleading statements. Further, Universal has no conflict with the Class and will adequately protect the Class's interests given their significant stake in the litigation and their conduct to date in prosecuting the litigation, including their submission of the requisite certifications and selection of experienced lead counsel. Accordingly, Universal is the presumptive Lead Plaintiff.

Lastly, if appointed Lead Plaintiff, Universal is entitled to select, subject to Court approval, lead counsel to represent the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Universal has engaged Motley Rice for this purpose. Motley Rice is an appropriate selection to serve as Lead Counsel because it is a highly experienced firm with substantial securities class action experience.

For the reasons summarized above and those explained more fully below, Universal's Motion should be granted in its entirety.

## FACTUAL BACKGROUND

Amazon is a multinational technology company that engages primarily in the businesses of e-commerce, cloud computing, digital streaming, and artificial intelligence. On the Company's Amazon.com e-commerce platform, Amazon sells both third-party merchandise and Amazon's own private-label products. As the owner and operator of the Amazon.com e-commerce platform,

Amazon has access to certain non-public data of the third-party sellers that use the Amazon.com platform.

On or around June 3, 2019, the U.S. House Committee on the Judiciary initiated a bipartisan investigation into the state of competition online. The investigation, led by the Subcommittee on Antitrust, Commercial and Administrative Law (the "Subcommittee"), examined the business practices and market dominance of Facebook, Google, Apple, and, of particular relevance, Amazon (the "Subcommittee Investigation"). During the course of the Subcommittee Investigation, the Subcommittee held several oversight hearings in which various officers of the above-referenced companies, including their respective Chief Executive Officers, offered witness testimony on topics such as the effect of market power on the press, innovation, and privacy, and the market dominance of the companies under investigation. After each of the hearings, members of the Subcommittee submitted questions on the record for the witnesses.

The Class Action Complaint (the "Complaint," ECF No. 1) alleges that throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Amazon engaged in anticompetitive conduct in its private-label business practices, including giving Amazon products preference over those of its competitors and using third-party sellers' non-public data to compete with them; (ii) the foregoing exposed Amazon to a heightened risk of regulatory scrutiny and/or enforcement actions; and (iii) Amazon's revenues derived from its private-label business were in part the product of impermissible conduct and thus unsustainable.

On March 9, 2022, media outlets reported that the House Judiciary Committee had requested that the U.S. Department of Justice open a criminal investigation into Amazon and certain of its executives for allegedly lying to Congress about its business practices during the course of the Subcommittee Investigation. In response, Amazon asserted that there was "no factual basis" for the House Judiciary Committee's allegations. Then, on April 6, 2022, *The Wall Street Journal* published an article entitled "SEC Is Investigating How Amazon Disclosed

Business Practices." The article reported, *inter alia*, that the U.S. Securities and Exchange Commission's probe has been underway for more than a year, focusing on Amazon's disclosures regarding its use of third-party seller data for its own private-label business. On this news, Amazon's stock price declined $105.98 per share, or 3.2%, to close at $3,175.12 per share on April 6, 2022.[2] Moreover, as alleged in the CWA Local Action, as further information related to Defendants' misconduct was revealed on April 28, 2022, Amazon's share price declined an additional 14.05%.

As a result of Defendants' wrongful acts and omissions, and the resulting declines in the market value of the Company's stock, Universal and other members of the Class have suffered significant damages.

## ARGUMENT

**A.     Universal Should Be Appointed Lead Plaintiff**

   **1.     The PSLRA Standard For Appointing Lead Plaintiff**

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B). It provides that within 20 days of the filing of an action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within 60 days of the publication, for appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A).

Under the PSLRA, the Court is then to consider any motion made by class members and is to appoint as lead plaintiff the movant that the Court determines to be "most capable of adequately representing the interests of class members . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i).

---

[2] Adjusted for a 20:1 split that took place on June 6, 2022, the price of Amazon common stock declined by $5.299 per share to close at $158.756 per share.

Further, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice [published by a complainant]; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Once it is determined who among the movants seeking appointment as lead plaintiff is the presumptive lead plaintiff, the presumption can be rebutted only upon proof by a class member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### 2.    Under the PSLRA, Universal Should be Appointed Lead Plaintiff

As discussed below, Universal should be appointed Lead Plaintiff because all of the PSLRA's procedural hurdles have been satisfied, Universal has the largest financial interest of any movant, and Universal otherwise satisfies Rule 23's typicality and adequacy requirements.

#### a.    Universal's Motion Is Timely

Pursuant to the PSLRA, the first plaintiff to file a complaint in the Action was required to publish notice within twenty (20) days of its filing. 15 U.S.C. § 78u-4(a)(3)(A)(i). Counsel for first-filed plaintiff, Sonny Joyce, published notice of the lead plaintiff deadline via *GlobeNewswire* on May 6, 2022. *See* Moriarty Decl. Ex. A. Consequently, any member of the proposed Class was required to seek to be appointed lead plaintiff within 60 days after publication of the notice, i.e., on or before July 5, 2022. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II); Fed. R. Civ. P. 6(a)(1)(C). Thus, Universal's Motion is timely filed.

UNIVERSAL'S MOTION FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF LEAD
COUNSEL (2:22-CV-00617) - 6

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

Additionally, pursuant to Section 21D(a)(2) of the Exchange Act, Universal timely signed and submitted the requisite certifications. *See* Moriarty Decl. Ex. B. The PSLRA's procedural requirements have therefore been met.

    b.  **Universal Has the Largest Financial Interest**

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). To the best of its counsel's knowledge, Universal has the largest financial interest of any Amazon investor seeking to serve as Lead Plaintiff based on the four factors articulated in *Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997): (1) the number of shares purchased; (2) the number of net shares purchased (also referred to as "retained shares"); (3) the total net funds expended; and (4) the approximate losses suffered. *Id.* at *5. In accordance with courts nationwide, the *Lax* factors have been adopted by courts in the Ninth Circuit, including in this District. *See, e.g.*, *Cook v. Atossa Genetics, Inc.*, No. C13-1836-RSM, 2014 WL 585870, at *3 (W.D. Wash. Feb. 14, 2014); *Reinschmidt v. Amazon, Inc.*, No. 12-2084-RSM, 2013 WL 1092129, at *2 (W.D. Wash. Mar. 14, 2013).

Overall, during the Class Period, Universal's funds purchased 2,478,400 net and 2,861,140 total Amazon shares, expended $368,471,586 in net funds, and suffered losses of $62,700,150.75. *See* Moriarty Decl. Ex. C (loss charts). During the class period alleged in the CWA Local Action, Universal's funds purchased 2,521,920 net and 2,905,080 total Amazon shares, expended $374,950,128 in net funds, and suffered losses of $89,684,615. Universal is unaware of any other movant with a larger financial interest in the outcome of this litigation.

    c.  **Universal Satisfies the Requirements of Rule 23**

The PSLRA also requires that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must satisfy the requirements of Rule 23. *See*

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). When assessing a potential lead plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant. *See, e.g.*, *Schonfield v. Dendreon Corp.*, No. C07-800MJP, 2007 WL 2916533, at *4 (W.D. Wash. Oct. 4, 2007) (holding that the "inquiry shall focus solely on the 'typicality' and 'adequacy' aspects of that rule (as the other elements of Rule 23 go to the issue of the certification of the class as a whole).").

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). Here, Universal's claims are clearly typical of the Class's claims because Universal's funds purchased Amazon common stock during the Class Period and suffered damages as a result of the Defendants' false and misleading statements. Because the factual and legal bases of Universal's claims are identical to those of the Class's claims, Universal necessarily satisfies the typicality requirement.

Furthermore, as the respective management companies of their funds, Universal Germany and Universal Luxembourg have the exclusive right to represent their funds, which cannot bring claims themselves as they are not separate legal entities. Universal Germany is organized as a Kapitalverwaltungsgesellschaft ("KVG") under German law. Universal Luxembourg is organized as a société anonyme ("SA") under Luxembourg law. Both Universal Germany and Universal Luxembourg make investments in their own name for the benefit of the investment funds that they manage. KVGs and SAs are routinely appointed as lead plaintiffs and class representatives and courts recognize they have standing to represent their funds in the same circumstances as here. *See, e.g.*, *Bricklayers' & Allied Craftworkers Loc. #2 Albany, NY Pension Fund v. New Oriental Educ. & Tech. Grp. Inc.*, No. 22 CIV. 1014 (VM), 2022 WL 1515451, at *4 (S.D.N.Y. May 13, 2022) (appointing a German KVG as lead plaintiff and noting "ACATIS

[Kapitalverwaltungsgesellschaft mbH] is an asset manager bringing suit on behalf of its injured investment fund" and "that ACATIS is the only party that can assert its rights and sue on its behalf. This is enough on a motion for appointment as lead plaintiff."); *In re Vivendi Universal, S.A. Sec. Litig.*, 605 F. Supp. 2d 570, 578, 579 (S.D.N.Y. 2009) (German Kapitalanlagegesellschafts (the predecessor to KVGs) have the "exclusive authority to sue on behalf of the funds" and Luxembourg "management companies have exclusive rights to manage the funds and bring legal actions against third parties"); *Corwin v. Seizinger*, No. 07 CIV. 6728 (DC), 2008 WL 123846 (S.D.N.Y. Jan. 8, 2008) (appointing Axxion SA Luxemburg as lead plaintiff). In sum, without Universal Germany and Universal Luxembourg pursuing the claims, the funds cannot seek recovery. *See, e.g.*, *Weston v. DocuSign, Inc.*, No. 22-cv-00824-WHO, 2022 WL 1301770, at *5 (N.D. Cal. Apr. 18, 2022) ("There is a sufficiently close relationship between [Deka International S.A. Luxembourg] and the funds at issue, as indicated by the statement that [Deka International S.A. Luxembourg] manages the funds and has the exclusive right and obligation to bring claims on their behalf.").

While the foregoing is sufficient, *W.R. Huff Asset Management Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100 (2d Cir. 2008), makes clear that a plaintiff has standing under the "prudential exception" to Article III of the U.S. Constitution "where the plaintiff can demonstrate (1) a close relationship to the injured party and (2) a barrier to the injured party's ability to assert its own interests." *Id.* at 109-10. The prudential exception is routinely applied in cases arising under the PSLRA. *See Vivendi*, 605 F. Supp. 2d at 578-80 (concluding [Luxembourg and German asset managers] had standing to bring suit on behalf of managed funds under *Huff* exception); *see also Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 287-88 (2008) (third-party

standing "routinely" used in federal courts).  Both Universal Germany and Universal Luxembourg fall squarely within this rule.[3]

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  In assessing whether the adequacy requirement has been met, courts in this Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"  *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

As evidenced by the representations in their certifications, *see* Moriarty Decl. Ex. B, Universal Germany's and Universal Luxembourg's interests are perfectly aligned with—and by no means antagonistic to—the Class. Moreover, Universal Germany has been appointed and served as a class representative in actions under the federal securities laws, including *In re Cobalt International Energy, Inc. Securities Litigation*, Case No. 4:14-cv-3428 (NFA) (S.D. Tex.), which resulted in a $173.8 million recovery in 2018, and *In re Conn's, Inc. Securities Litigation*, No. 4:14-cv-00548 (KPE) (S.D. Tex.), which resulted in a $22.5 million recovery that same year.

Universal has also selected and retained highly competent counsel to litigate the claims on behalf of themselves and the Class.  As explained below in Section B, Motley Rice is highly regarded for its experience, knowledge, and ability to conduct complex securities class action litigation.  *See* Moriarty Decl. Ex. D (Motley Rice Shareholder and Securities Fraud Resume). Consequently, Universal is more than adequate to represent the Class and has every incentive to maximize the Class's recovery.

---

[3] Because the funds lack legal personality, they cannot assign their claims. Even if they could assign their claims, such assignments would not be necessary given Universal Germany's and Universal Luxembourg's ability (and obligation) to represent their funds and the prudential exception under *Huff*.

In light of the foregoing, Universal respectfully submits that it is the presumptive Lead Plaintiff and should be appointed Lead Plaintiff for the Action.

**B.    The Court Should Approve Universal's Selection of Lead Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); 15 U.S.C. § 77z-1(a)(3)(B)(v). Universal has selected Motley Rice to serve as lead counsel for the proposed Class.  Motley Rice has substantial experience representing defrauded investors and a demonstrated history of success serving as lead counsel in numerous securities fraud class actions.  *See* Moriarty Decl. Ex. D. Motley Rice's experience in the prosecution of securities class actions is derived from, among other things, its service as lead counsel in *Bennett v. Sprint Nextel Corp.*, No. 2:09-cv-02122-EFM-KMH (D. Kan.), in which it secured a recovery of $131 million for the investor class. Motley Rice also served as sole lead and then sole class counsel in *In re Barrick Gold Securities Litigation*, No. 1:13-cv-03851-RPP (S.D.N.Y.), in which it achieved a recovery of $140 million for the investor class.  Courts in this Circuit have likewise recognized Motley Rice as adequate and qualified class counsel in securities class actions, including in *In re Twitter, Inc. Securities Litigation*, No. 16-cv-05314 (N.D. Cal.), in which the firm (as sole lead counsel and co-class counsel) reached an $809.5 million settlement agreement in favor of an investor class in 2021 on the eve of trial (pending court approval).  Furthermore, Motley Rice and Universal has a long history of working together for the benefit of classes of investors, including in *Cobalt* and *Conn's*.

## CONCLUSION

For the foregoing reasons, Universal respectfully requests that the Court: (i) appoint Universal Lead Plaintiff; (iii) approve its selection of Motley Rice as Lead Counsel on behalf of the Class; and (iii) grant such other relief as the Court may deem just and proper.

| | | |
|---|---|---|
| 1 | Dated: July 5, 2022 | Respectfully submitted, |
| 2 | | **BRESKIN, JOHNSON & TOWNSEND, PLLC** |
| 3 | | By: s/ *Roger M. Townsend* |
| | | Roger M. Townsend (WSBA #25525) |
| 4 | | 1000 Second Avenue, Suite 3670 |
| | | Seattle, WA  98104 |
| 5 | | Phone: (206) 652-8660 |
| | | Fax: (206) 652-290 |
| 6 | | rtownsend@bjtlegal.com |

*Local Counsel*

**MOTLEY RICE LLC**
Gregg S. Levin
glevin@motleyrice.com
Joshua C. Littlejohn
jlittlejohn@motleyrice.com
Christopher F. Moriarty
cmoriarty@motleyrice.com
Andrew P. Arnold
aarnold@motleyrice.com
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450

*Counsel for Universal-Investment-Gesellschaft mbH and Universal-Investment-Luxembourg S.A. and Proposed Lead Counsel for the Class*

*Pro Hac Vice Pending*