THE HONORABLE JOHN H. CHUN
NOTED FOR: JULY 22, 2022

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| SONNY JOYCE, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>     v.<br><br>AMAZON.COM, INC., ANDREW R. JASSY, JEFFREY P. BEZOS, BRIAN T. OLSAVKSY, DAVID A. ZAPOLSKY, and NATE SUTTON,<br><br>                Defendants. | CLASS ACTION<br><br>Case No.: 2:22-cv-00617-JHC<br><br>**MOTION OF MENORA MIVTACHIM INSURANCE LTD., MENORA MIVTACHIM PENSIONS AND GEMEL LTD., THE PHOENIX INSURANCE COMPANY, LTD., AND THE PHOENIX PROVIDENT PENSION FUND LTD. FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>NOTE ON MOTION CALENDAR: FRIDAY, JULY 22, 2022 |

**BADGLEY MULLINS TURNER PLLC**
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

# TABLE OF CONTENTS

MOTION ............................................................................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................... 2

    I.      PRELIMINARY STATEMENT ........................................................................ 2

    II.     STATEMENT OF FACTS ................................................................................ 3

    III.    ARGUMENT ...................................................................................................... 5

         A.     MENORA AND PHOENIX SHOULD BE APPOINTED LEAD
              PLAINTIFFS ............................................................................................. 5

              1.     Menora and Phoenix Are Willing to Serve as Class
                     Representatives ............................................................................. 6

              2.     Menora and Phoenix Have the Largest Financial Interest in the
                     Relief Sought by the Class ............................................................ 7

              3.     Menora and Phoenix Otherwise Satisfy Rule 23's
                     Requirements ................................................................................ 8

              4.     Menora and Phoenix Will Fairly and Adequately Represent
                     the Interests of the Class and Are Not Subject to Unique
                     Defenses ...................................................................................... 14

         B.     LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE
              APPROVED ............................................................................................. 14

    IV.    CONCLUSION ................................................................................................ 15

MOTION TO APPOINT LEAD PLAINTIFFS & APPROVE
COUNSEL - i
(CASE NO. 2:22-CV-00617-JHC)

**BADGLEY MULLINS TURNER PLLC**
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*China Agritech, Inc. v. Resh*,
  138 S. Ct. 1800 (2018) ........................................................................................... 11

*Cook v. Atossa Genetics, Inc.*,
  No. C13- 1836 RSM, 2014 U.S. Dist. LEXIS 19218 (W.D. Wash. Feb. 14, 2014) ...... 8, 9, 15

*Feyko v. Yuhe Int'l Inc.*,
  No. CF 11-05511 DDP (PJWx), 2012 U.S. Dist. LEXIS 28040 (C.D. Cal. Mar. 2, 2012) 3, 11

*In re AudioEye, Inc.*,
  CV-15-163-TUC-DCB, 2015 U.S. Dist. LEXIS 193348 (D. Ariz. July 31, 2015) ........... 3, 11

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ................................................................................. 9

*Knox v. Yingli Green Energy Holding Co.*,
  136 F. Supp. 3d 1159 ........................................................................................... 8

*Lax v. First Merchants Acceptance Corp*,
  Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866  (N.D. Ill. Aug. 6, 1997) .................... 8

*McCracken v. Edwards Lifesciences Corp.*,
  Nos. 8:13-CV-1463-JLS (RNBx) *et al.*, 2014 U.S. Dist. LEXIS 2147 (C.D. Cal. Jan. 8,
  2014) ................................................................................................................. 12

*Mersho v. United States Dist. Court*,
  6 F.4th 891 (9th Cir. 2021) ..................................................................................... 11

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
  Nos. 13-CV-05368-LHK *et al.*, 2014 U.S. Dist. LEXIS 80141 (N.D. Cal. June 10, 2014) .. 11

*Nicolow v. Hewlett Packard Co.*,
  Nos. 12-05980 CRB *et al.*, 2013 U.S. Dist. LEXIS 29876  (N.D. Cal. Mar. 4, 2013) ........... 8

*Osher v. Guess?, Inc.*, No. CV 01-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057 (C.D.
  Cal. Apr. 26, 2001 ) ............................................................................................... 15

*Reinschmidt v. Zillow, Inc.*,
  No. C12-2084 RSM, 2013 U.S. Dist. LEXIS 36793 (W.D. Wash. Mar. 14, 2013) ............... 8

MOTION TO APPOINT LEAD PLAINTIFFS & APPROVE
COUNSEL - ii
(Case No. 2:22-CV-00617-JHC)

**BADGLEY MULLINS TURNER PLLC**
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

*Richardson v. TVIA, Inc.*,
    Nos. C-06-06304 RMW, C-06-07307 RMW, 2007 U.S. Dist. LEXIS 28406 (N.D. Cal. Apr. 16, 2007) .................................................................................................................. 9

*Shenwick v. Twitter, Inc.*,
    No. 16-cv-05314-JST, 2016 U.S. Dist. LEXIS 177714 (N.D. Cal. Dec. 22, 2016) .......... 2, 11

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ............................................................................. 10

*Xu v. FibroGen, Inc.*,
    No. 21-cv-02623-EMC, 2021 U.S. Dist. LEXIS 164034 (N.D. Cal. Aug. 30, 2021) .......... 12

**Statutes**

15 U.S.C. § 78u-4(a)(3) ........................................................................................ *passim*

PSLRA ................................................................................................................ *passim*

**Rules**

Fed. R. Civ. P. 23 ......................................................................................... 2, 6, 9, 10

**Other Authorities**

H.R. Conf. Rep. No. 104-369, at *34 (1995), reprinted in 1995 U.S.C.C.A.N. 730 ............... 2, 11

MOTION TO APPOINT LEAD PLAINTIFFS & APPROVE
COUNSEL - iii
(Case No. 2:22-CV-00617-JHC)

**BADGLEY MULLINS TURNER PLLC**
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

## MOTION

Menora Mivtachim Insurance Ltd. ("Menora Insurance"), Menora Mivtachim Pensions and Gemel Ltd. ("Menora Pensions & Gemel" and, collectively with Menora Insurance, "Menora"), The Phoenix Insurance Company, Ltd. ("Phoenix Insurance"), and The Phoenix Provident Pension Fund Ltd. ("Phoenix Pension" and, collectively with Phoenix Insurance, "Phoenix"), by and through their undersigned counsel, hereby respectfully move this Court pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order:

(1) appointing Menora and Phoenix as Lead Plaintiffs in the above-captioned action (the "Action") on behalf of a class consisting of all persons and entities that purchased or otherwise acquired Amazon.com, Inc. ("Amazon" or the "Company") stock between February 1, 2019 and April 5, 2022, inclusive (the "Class Period") (the "Class")[1]; and

(2) approving Menora and Phoenix's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel and Badgley Mullins Turner, PLLC ("Badgley Mullins") as Liaison Counsel for the Class.

In support of their motion, Menora and Phoenix submit herewith the accompanying memorandum of law, the Declaration of Jeremy A. Lieberman ("Lieberman Decl."), and all exhibits thereto.

---

[1] On June 28, 2022, a complaint styled *CWA Local 1180 Members' Annuity Fund et al v. Amazon.com Inc. et al*, No. 2:22-cv-00907 (the "*CWA* Action") was filed in this Court, alleging substantially the same wrongdoing against the same defendants as the Action, but alleging a longer class period extending from February 1, 2019 through April 28, 2022, inclusive. *See CWA* Action, Dkt. No. 1 ¶ 1. On July 1, 2022, the *CWA* Action was voluntarily dismissed. *See CWA* Action, Dkt. No. 10. Under the Class Period alleged in the *CWA* Action, Menora and Phoenix incurred a loss of well above $75 million in connection with their purchases of Amazon stock.

MOTION TO APPOINT LEAD PLAINTIFFS & APPROVE COUNSEL - 1
(Case No. 2:22-CV-00617-JHC)

**BADGLEY MULLINS TURNER PLLC**
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

The Complaint in the Action alleges that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act. Amazon investors, including Menora and Phoenix, incurred significant losses following the disclosure of the Company's alleged fraud, which caused Amazon's stock price to fall sharply, damaging Menora and Phoenix and other Amazon investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiffs the movant or group of movants that possesses the largest financial interest in the outcome of the action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In connection with their purchases of Amazon stock during the Class Period, Menora and Phoenix collectively incurred losses of approximately $55,617,436. *See* Lieberman Decl., Exhibit ("Ex. A"). Accordingly, Menora and Phoenix believe that they have the largest financial interest in the relief sought in the Action.

Beyond their considerable financial interest, Menora and Phoenix also meet the applicable requirements of Rule 23 because their claims are typical of absent Class members and because they will fairly and adequately represent the interests of the Class. As sophisticated institutional investors with significant financial interests in the litigation, Menora and Phoenix are paradigmatic lead plaintiffs under the PSLRA, and their appointment would thus advance the legislative purpose of "increasing the role of institutional investors in class actions" in order to "benefit shareholders and assist courts by improving the quality of representation in securities class actions." H.R. Conf. Rep. No. 104-369, at *34 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 733. For this reason, courts in this Circuit strongly prefer appointment of institutional investors to lead complex securities class actions. *See, e.g., Shenwick v. Twitter, Inc.*, No. 16-cv-05314-JST, 2016 U.S. Dist. LEXIS 177714, at *7 (N.D. Cal. Dec. 22, 2016) ("as an institutional investor, [movant] is likely to be an effective lead plaintiff"); *Feyko v. Yuhe Int'l Inc.*, No. CF 11-05511

MOTION TO APPOINT LEAD PLAINTIFFS & APPROVE
COUNSEL - 2
(Case No. 2:22-CV-00617-JHC)

**BADGLEY MULLINS TURNER PLLC**
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

DDP (PJWx), 2012 U.S. Dist. LEXIS 28040, at *8 (C.D. Cal. Mar. 2, 2012) (appointing institutional investor as lead plaintiff, finding it to be "'exactly the type of sophisticated market participant[] Congress intended to take on the role of lead plaintiff following the PSLRA's reforms.'") (quoting *In re Regions Morgan Keegan Closed-End Fund Litig.*, No. 07-02830, 2010 U.S. Dist. LEXIS 132902, at *8 (W.D. Tenn. Dec. 15, 2010)); *In re AudioEye, Inc.*, CV-15-163-TUC-DCB, 2015 U.S. Dist. LEXIS 193348, at *13 (D. Ariz. July 31, 2015) (appointing as lead plaintiff "an institutional investor, which is precisely the kind of investor that Congress sought to encourage to assume a more prominent role in securities litigation with the enactment of the PSLRA's lead plaintiff provisions").

To fulfill their obligations as Lead Plaintiffs and vigorously prosecute the Action on behalf of the Class, Menora and Phoenix have selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. Menora and Phoenix have also selected Badgley Mullins, which has significant experience in complex and class action litigation, including matters concerning claimed violations of the federal securities laws, to serve as Liaison Counsel for the Class.

Accordingly, Menora and Phoenix respectfully request that the Court enter an order appointing Menora and Phoenix as Lead Plaintiffs for the Class and approving their selection of Pomerantz as Lead Counsel and Badgley Mullins as Liaison Counsel for the Class.

## II.    STATEMENT OF FACTS

As alleged in the Complaint in the Action, Amazon is a multinational technology company that engages primarily in the businesses of e-commerce, cloud computing, digital streaming, and artificial intelligence. *See* Dkt. No. 1 ¶ 2. The Company was founded in 1994 and is

MOTION TO APPOINT LEAD PLAINTIFFS & APPROVE
COUNSEL - 3
(Case No. 2:22-CV-00617-JHC)

**BADGLEY MULLINS TURNER PLLC**
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

headquartered in Seattle, Washington. *Id.* Amazon's common shares trade on the NASDAQ under the ticker symbol "AMZN". *Id.*

On the Company's Amazon.com e-commerce platform, Amazon sells both third-party merchandise and Amazon's own private-label products. *Id.* ¶ 3. As the owner and operator of the Amazon.com e-commerce platform, Amazon has access to certain non-public data of the third-party sellers that use the Amazon.com platform. *Id.*

On or around June 3, 2019, the U.S. House Committee on the Judiciary (the "House Judiciary Committee") initiated a bipartisan investigation into the state of competition online. *Id.* ¶ 4. The investigation, led by the Subcommittee on Antitrust, Commercial and Administrative Law (the "Subcommittee"), examined the business practices and market dominance of Facebook, Google, Apple, and, of particular relevance, Amazon (the "Subcommittee Investigation"). *Id.*

In the course of the Subcommittee Investigation, the Subcommittee held several oversight hearings in which various officers of the above referenced companies, including their respective Chief Executive Officers, offered witness testimony on topics such as the effect of market power on the press, innovation, and privacy, and the market dominance of the firms under investigation. *Id.* ¶ 5. After each of the hearings, members of the Subcommittee submitted questions for the record to the witnesses. *Id.*

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. *Id.* ¶ 6. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Amazon engaged in anticompetitive conduct in its private-label business practices, including giving Amazon products preference over those of its competitors and using third-party sellers' non-public data to compete with them; (ii) the foregoing exposed Amazon to a heightened risk of regulatory scrutiny and/or enforcement actions; (iii) Amazon's revenues derived from its private-label business were in part the product of impermissible conduct and thus unsustainable; and (iv)

**BADGLEY MULLINS TURNER PLLC**
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

as a result, the Defendants' public statements throughout the Class Period were materially false and/or misleading. *Id.*

On March 9, 2022, media outlets reported that the House Judiciary Committee had requested that the U.S. Department of Justice open a criminal investigation into Amazon and certain of its executives for allegedly lying to Congress about its business practices during the course of the Subcommittee Investigation. *Id.* ¶ 7.

In response, Amazon asserted that there was "no factual basis" for the House Judiciary Committee's allegations. *Id.* ¶ 8.

Then, on April 6, 2022, *The Wall Street Journal* published an article entitled "SEC Is Investigating How Amazon Disclosed Business Practices." *Id.* ¶ 9. The article reported, *inter alia*, that the SEC's probe has been underway for more than a year and focuses on Amazon's disclosures regarding its use of third-party seller data for its own private-label business. *Id.*

On this news, Amazon's stock price fell $105.98 per share, or 3.2%, to close at $3,175.12 per share on April 6, 2022. *Id.* ¶ 10.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of Amazon's stock, Plaintiffs in the Action and other Class members have suffered significant losses and damages.

## III.   ARGUMENT

### A.   MENORA AND PHOENIX SHOULD BE APPOINTED LEAD PLAINTIFFS

Menora and Phoenix should be appointed Lead Plaintiffs because, to their knowledge, they have the largest financial interest in the Action and otherwise satisfy the requirements of Rule 23. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

MOTION TO APPOINT LEAD PLAINTIFFS & APPROVE
COUNSEL - 5
(Case No. 2:22-CV-00617-JHC)

**BADGLEY MULLINS TURNER PLLC**
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Specifically, the Court "shall" appoint the presumptively "most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Menora and Phoenix satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Lead Plaintiffs for the Class.

### 1. Menora and Phoenix Are Willing to Serve as Class Representatives

On May 6, 2022, counsel for plaintiff in the Action caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "Notice"), which announced that a securities fraud class action had been filed against, *inter alia*, Amazon, and which advised investors in Amazon securities that they had until July 5, 2022 to file a motion to be appointed as lead plaintiff. *See* Lieberman Decl., Ex. B.

Menora and Phoenix have filed the instant motion pursuant to the Notice, and they have submitted signed Certifications attesting, *inter alia*, to their readiness to serve as representatives for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. For the Menora entities, Deputy Chief Executive Officers ("CEOs") Nir Moroz and Shai Kompel signed the Certifications, while Menachem ("Meni") Neeman, Deputy CEO and Chief Legal Counsel of The Phoenix Group, and Haggai Schreiber, Executive Vice President and Chief Investment Manager of Phoenix Holdings Ltd. ("Phoenix Holdings"), signed the Certifications

MOTION TO APPOINT LEAD PLAINTIFFS & APPROVE
COUNSEL - 6
(Case No. 2:22-CV-00617-JHC)

**BADGLEY MULLINS TURNER PLLC**
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

on behalf of the Phoenix entities. *See id.* Accordingly, Menora and Phoenix satisfy the first requirement to serve as Lead Plaintiffs of the Class.

Menora and Phoenix are, in every respect, exactly the sort of well-managed, sophisticated institutional investors that Congress intended to fulfill the lead plaintiff role created by the PSLRA. The Menora entities are affiliates of Menora Mivtachim Holdings Ltd., a holdings company based in Ramat Gan, Israel. It is among Israel's largest insurance and finance groups, with more than $70 billion in assets under management. Phoenix Insurance, the principal branch of Phoenix Holdings, is a leading Israeli insurance company, and provides insurance products and services including life insurance, long-term savings, pension, and provident funds, general insurance, and healthcare insurance. Phoenix Insurance has over $10 billion in assets under management. Phoenix Pension, which is also wholly owned by Phoenix Holdings, has extensive experience in pension and provident fund management and manages over $15 billion in assets for more than 800,000 customers.

### 2. Menora and Phoenix Have the Largest Financial Interest in the Relief Sought by the Class

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of their knowledge, Menora and Phoenix have the largest financial interest of any Amazon investor or investor group seeking to serve as Lead Plaintiffs based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased; (2) the number of net shares purchased (also referred to as "retained shares"); (3) the total net funds expended; and (4) the approximate losses suffered. Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866, at *17-18 (N.D. Ill. Aug. 6, 1997). In accord with courts nationwide, these so-called *Lax* factors have been adopted by courts in the Ninth Circuit, including in this District. *See, e.g.*, *Cook v. Atossa Genetics, Inc.*, No. C13- 1836 RSM, 2014 U.S. Dist. LEXIS

MOTION TO APPOINT LEAD PLAINTIFFS & APPROVE
COUNSEL - 7
(Case No. 2:22-CV-00617-JHC)

**BADGLEY MULLINS TURNER PLLC**
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

19218, at *8 (W.D. Wash. Feb. 14, 2014); *Reinschmidt v. Zillow, Inc.*, No. C12-2084 RSM, 2013 U.S. Dist. LEXIS 36793, at *5 (W.D. Wash. Mar. 14, 2013); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015); *Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*, 2013 U.S. Dist. LEXIS 29876, at *18 (N.D. Cal. Mar. 4, 2013). Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA. *See, e.g.*, *Knox*, 135 F. Supp. 3d. at 1163; *Nicolow*, 2013 U.S. Dist. LEXIS 29876, at *18-19.

During the Class Period, Menora and Phoenix collectively: (1) purchased 176,906 shares of Amazon stock; (2) expended $502,899,986 on their purchases of Amazon stock; (3) retained 151,796 shares of their shares of Amazon stock; and (4) as a result of the disclosures of the fraud, suffered a loss of $55,617,436 in connection with their purchases of Amazon stock. *See* Lieberman Decl., Ex. A. Because Menora and Phoenix possess the largest financial interest in the outcome of this litigation, they may be presumed to be the "most adequate" plaintiffs. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

**3.      Menora and Phoenix Otherwise Satisfy Rule 23's Requirements**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

"'At the lead plaintiff stage of the litigation, in contrast to the class certification stage, a proposed lead plaintiff need only make a preliminary showing that it will satisfy the typicality

**BADGLEY MULLINS TURNER PLLC**
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

and adequacy requirements of Rule 23.'" *Cook*, 2014 U.S. Dist. LEXIS 19218, at *9-10 (quoting *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010)); *see also In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson v. TVIA, Inc.*, Nos. C-06-06304 RMW, C-06-07307 RMW, 2007 U.S. Dist. LEXIS 28406, at *16 (N.D. Cal. Apr. 16, 2007) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

The claims of Menora and Phoenix are typical of those of the Class. Menora and Phoenix allege, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Amazon, or by omitting to state material facts necessary to make the statements they did make not misleading. Menora and Phoenix, as did all Class members, purchased Amazon stock during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

In determining whether the adequacy of representation requirement of Rule 23(a)(4) is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

Menora and Phoenix are adequate representatives for the Class. Here, Menora and Phoenix have submitted signed Certifications declaring their commitment to protecting the interests of the Class. *See* Lieberman Decl., Ex. C. There is no antagonism between the interests

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

of Menora and Phoenix and those of the Class, and Menora and Phoenix's significant financial interest demonstrates that they have a sufficient interest in the outcome of this litigation that gives them an incentive to vigorously prosecute fraud claims on behalf of the Class. Moreover, Menora and Phoenix have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submit their choices of Pomerantz and Badgley Mullins to the Court for approval as Lead Counsel and Liaison Counsel for the Class, respectively, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Menora and Phoenix are sophisticated institutional investors with significant assets under management *and* with significant experience serving as lead plaintiffs in prior PSLRA actions (as discussed *infra* at pp. 12-13). As such, their appointment would be consistent with the PSLRA's preference for the appointment of institutional investors as class representatives in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 ("increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"). Indeed, courts in this Circuit strongly prefer appointment of institutional investors to lead complex securities class actions. *See*, *e.g.*, *Twitter*, 2016 U.S. Dist. LEXIS 177714, at *7 ("as an institutional investor, [movant] is likely to be an effective lead plaintiff"); *Yuhe Int'l*, 2012 U.S. Dist. LEXIS 28040, at *8 (appointing institutional investor as lead plaintiff, finding it to be "'exactly the type of sophisticated market participant[] Congress intended to take on the role of lead plaintiff following the PSLRA's reforms.'") (quoting *Regions Morgan Keegan*, 2010 U.S. Dist. LEXIS 132902, at *8); *AudioEye*, 2015 U.S. Dist. LEXIS 193348, at *13 (appointing as lead plaintiff "an institutional investor, which is precisely the kind of investor that Congress sought to encourage to assume a more prominent role in securities litigation with the enactment of the PSLRA's lead plaintiff provisions").

**BADGLEY MULLINS TURNER PLLC**
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

Consisting of likeminded institutional investors, Menora and Phoenix constitute an appropriate group of the type expressly permitted by the PSLRA and routinely appointed to serve as lead plaintiffs in PSLRA actions. In *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 n.3 (2018), the Supreme Court affirmed the propriety of appointing such groups as lead plaintiff, finding that "[d]istrict courts often permit aggregation of plaintiffs into plaintiff groups". More recently, in *Mersho v. United States Dist. Court*, 6 F.4th 891, 899 (9th Cir. 2021), the Ninth Circuit Court of Appeals likewise held that "the [PSLRA] expressly allows a 'group of persons' to move for appointment" as Lead Plaintiff. *See also Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, Nos. 13-CV-05368-LHK *et al.*, 2014 U.S. Dist. LEXIS 80141, at *20 (N.D. Cal. June 10, 2014) ("Small, cohesive groups . . . are routinely appointed as lead plaintiff in securities actions when they have shown their ability to manage the litigation effective in the interests of the class without undue influence of counsel.").

Here, demonstrating their fitness to serve jointly as Lead Plaintiffs as well as their adequacy more generally, Menora and Phoenix have submitted a Joint Declaration attesting to, *inter alia*, their backgrounds, their experience serving as Lead Plaintiffs in prior PSLRA actions (both jointly and separately), their understanding of the responsibilities of a lead plaintiff pursuant to the PSLRA, their decision to seek appointment jointly as Lead Plaintiffs, and the steps that they are prepared to take to cooperatively prosecute this litigation on behalf of the Class. *See generally* Lieberman Decl., Ex. D. Courts routinely appoint investor groups as lead plaintiffs under such circumstances. *See*, *e.g.*, *Xu v. FibroGen, Inc.*, No. 21-cv-02623-EMC, 2021 U.S. Dist. LEXIS 164034, at *23-24 (N.D. Cal. Aug. 30, 2021) (appointing group of sophisticated institutional investors as Lead Plaintiffs, considering *inter alia* group's submission of detailed Joint Declaration in assessing adequacy); *McCracken v. Edwards Lifesciences Corp.*, Nos. 8:13-CV-1463-JLS (RNBx) *et al.*, 2014 U.S. Dist. LEXIS 2147, at *12-13 (C.D. Cal. Jan. 8, 2014) (same).

**BADGLEY MULLINS TURNER PLLC**
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

Here, Menora and Phoenix have a pre-existing relationship in addition to both being sophisticated institutional investors. Indeed, both Menora entities, Phoenix Insurance, and Pomerantz have already demonstrated their commitment and ability to work together to protect the interests of investors together by serving as Co-Lead Plaintiffs and Lead Counsel, respectively, in the PSLRA action *In re Mylan N.V. Securities Litigation*, No. 1:16-cv-07926 (S.D.N.Y.) ("*Mylan*"), in which the court entered an order certifying the class and appointing Menora and Phoenix as class representatives, and *Plumbers and Steamfitters Local 60 Pension Trust v. Meta Platforms, Inc. et al*, No. 4:22-cv-01470 (N.D. Cal.) ("*Meta Platforms*"). Separately, the Menora entities[2] served as Lead Plaintiffs in *In re Comverse Technology, Inc. Securities Litigation*, 1:06-cv-01825 (E.D.N.Y.) ("*Comverse*"), in which they secured a substantial $225 million settlement in an action arising out of an alleged options backdating scheme, and are also currently serving as Co-Lead Plaintiffs in the PSLRA action *Jansen v. International Flavors & Fragrances Inc. et al.*, No. 1:19-cv-07536 (S.D.N.Y.) ("*International Flavors*"). Phoenix Insurance recently served as Lead Plaintiff in the PSLRA Action *Costas v. Ormat Technologies, Inc.*, 3:18-cv-00271 (D. Nev.) ("*Ormat*"), in which Phoenix Insurance secured a $3.75 million settlement for the class. Phoenix Insurance and Phoenix Pension are both currently serving as Co-Lead Plaintiffs in the PSLRA action *Burbige v. ATI Physical Therapy, Inc.*, 1:21-cv-04349 (N.D. Ill.) ("*ATI*"). Through their prosecution of these actions, Menora and Phoenix have developed considerable experience and appreciation for a Lead Plaintiff's responsibilities under the PSLRA. *See generally* Lieberman Decl., Ex. D. In addition, through their shared experience as Co-Lead Plaintiffs in *Mylan* and *Meta Platforms*, Menora's and Phoenix's representatives have established relationships with one another that will help facilitate their collaborative prosecution of this action together. *Id.*

---

[2] At the time of the *Comverse* action, the Menora entities were named Menora Insurance Co., Ltd. and Mivtachim Pension Funds Ltd., respectively. These are the same corporate entities as the current movants.

MOTION TO APPOINT LEAD PLAINTIFFS & APPROVE
COUNSEL - 12
(Case No. 2:22-CV-00617-JHC)

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

As more fully attested to in their Joint Declaration, Menora and Phoenix believe that the securities class action against Amazon is meritorious and should be led by dedicated and sophisticated institutional investors that are committed to maximizing the recovery on behalf of the Class. *Id.* Menora and Phoenix recognize that they are like-minded institutional investors that suffered substantial losses in their investments in Amazon securities, which is why Menora and Phoenix decided to seek joint appointment as Lead Plaintiffs in the action. *Id.* Additionally, Menora and Phoenix's decision to jointly move for appointment as Lead Plaintiffs was informed by their prior experience in securities litigation matters, such as their highly relevant experience serving together as part of a lead plaintiff group under the PSLRA in the *Mylan* and *Meta Platforms* litigations, the Menora entities' experience serving as Co-Lead Plaintiffs in the *Comverse* and *International Flavors* litigations, the Phoenix entities serving as Co-Lead Plaintiffs in the *ATI* litigation, and Phoenix Insurance's experience serving as Lead Plaintiff in the *Ormat* litigation. Based on these experiences, Menora and Phoenix believe that such partnerships can benefit investors, and they have developed considerable experience and appreciation for a Lead Plaintiff's responsibilities under the PSLRA. *Id.* By working together, Menora and Phoenix recognize that they provide broad, diverse representation to the members of the Class. *Id.*

As part of Menora and Phoenix's efforts to formalize the leadership of this action and to demonstrate their commitment to jointly prosecuting the action, their representatives participated in a conference call to discuss, among other things: the strength of the claims against Defendants; a strategy for prosecuting these actions; the benefits that the Class would receive from the leadership of a coordinated group of institutional investors with prior experience serving as Lead Plaintiff under the PSLRA; the shared desire of Menora and Phoenix to achieve the best possible result for the Class; the interests in prosecuting the case in a collaborative, likeminded manner; and the actions each fund will take to continue to ensure that the Class's claims will be zealously and efficiently litigated. *Id.*

MOTION TO APPOINT LEAD PLAINTIFFS & APPROVE
COUNSEL - 13
(Case No. 2:22-CV-00617-JHC)

**BADGLEY MULLINS TURNER PLLC**
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

### 4. Menora and Phoenix Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing Menora and Phoenix as Lead Plaintiffs may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interest of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The ability and desire of Menora and Phoenix to fairly and adequately represent the Class has been discussed above.  Menora and Phoenix are not aware of any unique defenses Defendants could raise that would render them inadequate to represent the Class.

## B.    LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in Lead Plaintiffs to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cook*, 2014 U.S. Dist. LEXIS 19218, at *11-12; *Osher v. Guess?, Inc.*, No. CV 01-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001).  The Court should not interfere with Lead Plaintiffs' selection unless it is necessary to do so to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *Cook*, 2014 U.S. Dist. LEXIS 19218, at *11.

Menora and Phoenix have selected Pomerantz to serve as Lead Counsel for the Class.  Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80+ year history, as detailed in its firm resume.  *See* Lieberman Decl., Ex. E.  Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer.  *See id.*  Petrobras is part of a long line

MOTION TO APPOINT LEAD PLAINTIFFS & APPROVE
COUNSEL - 14
(Case No. 2:22-CV-00617-JHC)

**BADGLEY MULLINS TURNER PLLC**
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *Id.* Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See id.* Additionally, proposed Liaison Counsel Badgley Mullins has significant experience in complex and class action litigation, including matters concerning claimed violations of the federal securities laws. *See id.*, Ex. F. As a result of their extensive experience in similar litigation, Menora and Phoenix's choices of counsel have the skill, knowledge, expertise, and experience that will enable them to prosecute the Action effectively and expeditiously. Thus, the Court may be assured that by approving the selection of counsel by Menora and Phoenix, with Pomerantz as Lead Counsel and Badgley Mullins as Liaison Counsel, the members of the Class will receive the best legal representation available.

## IV. CONCLUSION

For the foregoing reasons, Menora and Phoenix respectfully request that the Court issue an Order: (1) appointing Menora and Phoenix as Lead Plaintiffs for the Class; and (2) approving their selection of Pomerantz as Lead Counsel and Badgley Mullins as Liaison Counsel for the Class.

**Dated**: July 5, 2022

Respectfully submitted,

**BADGLEY MULLINS TURNER PLLC**

s/ *Duncan C. Turner*
Duncan C. Turner, WSBA No. 20597
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
Tel: (206) 621-6566
dturner@badgleymullins.com

*Counsel for Movants Menora Mivtachim Insurance Ltd., Menora Mivtachim Pensions and Gemel Ltd., The Phoenix Insurance Company, Ltd., and The*

*Phoenix Provident Pension Fund Ltd. and Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman
(admitted *pro hac vice*)
J. Alexander Hood II
(admitted *pro hac vice*)
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

**POMERANTZ LLP**
Orly Guy
Eitan Lavie
HaShahar Tower
Ariel Sharon 4, 34th Floor
Givatayim, Israel 5320047
Telephone: +972 (0) 3 624 0240
Facsimile: +972 (0) 3 624 0111
oguy@pomlaw.com
eitan@pomlaw.com

*Counsel for Movants Menora Mivtachim Insurance Ltd., Menora Mivtachim Pensions and Gemel Ltd., The Phoenix Insurance Company, Ltd., and The Phoenix Provident Pension Fund Ltd. and Proposed Lead Counsel for the Class*

MOTION TO APPOINT LEAD PLAINTIFFS & APPROVE COUNSEL - 16
(Case No. 2:22-CV-00617-JHC)

**BADGLEY MULLINS TURNER PLLC**
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of July, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

<div style="margin-left: 40%;">

*s/ Yonten Dorjee*
Yonten Dorjee, Paralegal
**BADGLEY MULLINS TURNER PLLC**
Email:  ydorjee@badgleymullins.com

</div>

MOTION TO APPOINT LEAD PLAINTIFFS & APPROVE
COUNSEL - 17
(Case No. 2:22-CV-00617-JHC)

**BADGLEY MULLINS TURNER PLLC**
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686