THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| SONNY JOYCE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., ANDREW R. JASSY, JEFFREY P. BEZOS, BRIAN T. OLSAVKSY, DAVID A. ZAPOLSKY, and NATE SUTTON,<br><br>Defendants. | CLASS ACTION<br><br>Case No.: 2:22-cv-00617-JHC<br><br>**RESPONSE TO NOTICE OF RELATED CASES (Dkt. No. 36)** |

RESPONSE TO NOTICE OF RELATED
CASES
(CASE NO. 2:22-CV-00617-JHC)

**BADGLEY MULLINS TURNER PLLC**
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

1   Plaintiff Sonny Joyce ("Plaintiff") hereby respectfully responds to the Notice of
2   Related Cases filed by Defendants Amazon.com, Inc. ("Amazon"), Andrew R. Jassy, Jeffrey
3   P. Bezos, Brian T. Olsavsky, David A. Zapolsky, and Nate Sutton (collectively,
4   "Defendants") on July 11, 2022 (Dkt. No. 36).
5   Plaintiff joins *in toto* Defendants' arguments in support of their position that the
6   actions *Asbestos Workers Philadelphia Welfare and Pension Fund v. Amazon.com, Inc., et
7   al.*, 2:22-cv-00934-JCC ("*Asbestos Workers*") and *Detectives Endowment Association
8   Annuity Fund v. Amazon.com, Inc., et al.*, 2:22-cv-0095-JRC ("*Detectives*") are related to the
9   above-captioned action ("*Joyce*").  As the Notice of Related Cases states, "all three cases
10  concern substantially the same parties, property, transaction, or event"; "the class periods of
11  these cases substantially overlap"; and "the three complaints relay on at least one common
12  event: alleged misstatements on Amazon's 4th quarter 2021 earnings call."  Dkt. No. 36 at
13  1-2 (internal quotations and citations omitted).
14  Plaintiff likewise agrees with Defendants that, given the timing of the filing of
15  *Asbestos Workers* and *Detectives*, considered together with the filing and voluntary dismissal
16  of yet another action, *CWA Local 1180 Members' Annuity Fund v. Amazon.com, Inc.*, 2:22-
17  cv-00907 ("*CWA Local*"), "Plaintiffs' counsel in *Detectives* appears to agree that the cases
18  are related."  Dkt. No. 36 at 2.
19  Plaintiff further submits that the timing of the filing and voluntary dismissal of *CWA
20  Local*, considered alongside the timing of the filing of *Asbestos Workers* and *Detectives*,
21  evinces a deliberate effort to avoid consolidation of these three cases with the earlier-filed
22  *Joyce* action, in contravention of the purposes of the Private Securities Litigation Reform
23  Act of 1995 ("PSLRA").  As putative class actions alleging violations of the federal securities
24  laws, *Joyce*, *CWA Local*, *Asbestos Workers*, and *Detectives* are governed by the PSLRA,
25  which provides, in relevant part, that "not later than 60 days after the date on which the notice
26  is published, any member of the purported class may move the court to serve as lead plaintiff
27
28

RESPONSE TO NOTICE OF RELATED
CASES - 1
(Case No. 2:22-CV-00617-JHC)

**BADGLEY MULLINS TURNER PLLC**
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

of the purported class", 15 U.S.C. § 78u-4(a)(3)(A)(i)(II), and that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the Court must adjudicate any motion to consolidate those actions before appointing a Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(ii).

*Joyce* was filed on May 6, 2022, asserting securities fraud claims under Section 10(b) of the Securities Exchange Act of 1934 arising from alleged misrepresentations and omissions concerning Amazon's use of third-party seller data, and alleging a class period extending from February 1, 2019 through April 4, 2022, inclusive. *See* Dkt. No. 1. The PSLRA-mandated notice of pendency of the *Joyce* action was also published on May 6, 2022. Accordingly, pursuant to the PSLRA, any motion for appointment as Lead Plaintiff in *Joyce* was due to be filed on or before July 5, 2022. 15 U.S.C. § 78u-4(a)(3)(A)(i).

On June 28, 2022, just eight days before the Lead Plaintiff motion deadline in *Joyce*, *CWA Local* was filed, also asserting Section 10(b) claims arising from alleged misrepresentations and omissions concerning Amazon's use of third-party seller data, as well as additional Section 10(b) claims relating to the costs of Amazon's expansion of its warehouse and fulfillment network. *See generally CWA Local* Dkt. No. 1. The *CWA Local* Complaint alleged a class period extending from February 1, 2019 through April 28, 2022, inclusive—*i.e.*, encompassing the entirety of the *Joyce* class period and extending it by 24 days. *Id.* ¶ 1. Given that *Joyce* and *CWA Local* obviously involved common questions of law and fact, consolidation of the two actions was plainly warranted under Fed. R. Civ. P. 42(a). *See*, *e.g.*, *Sayce v. Forescout Techs., Inc.*, No. 20-cv-00076-SI, 2020 U.S. Dist. LEXIS 129646, at *9 (N.D. Cal. July 22, 2020) ("Consolidation may be appropriate even where complaints allege different misrepresentations."). And given that *CWA Local* alleged "substantially the same claim[s]" as *Joyce*, the PSLRA would have required the Court to adjudicate such consolidation motion before appointing a Lead Plaintiff to serve in a single consolidated action. 15 U.S.C. § 78u-4(a)(3)(A)(ii). Per standard PSLRA motion practice,

RESPONSE TO NOTICE OF RELATED
CASES - 2
(Case No. 2:22-CV-00617-JHC)

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

it is a near-certainty that any lead plaintiff movants in *Joyce* would have concurrently moved to consolidate *Joyce* and *CWA Local*.

However, on June 30, 2022—just six days before the July 5, 2022 lead plaintiff motion deadline in *Joyce*—*CWA Local* was voluntarily dismissed. Accordingly, *CWA Local* was no longer pending as of the *Joyce* lead plaintiff motion deadline, meaning that lead plaintiff movants in *Joyce* could not and did not seek consolidation of *Joyce* and *CWA Local* concurrently with filing their lead plaintiff motions.

Then, on July 6, 2022—just one day after the *Joyce* lead plaintiff motion deadline—*Asbestos Workers* was filed. Like *CWA Local*, *Asbestos Workers* asserted 10(b) claims arising from misrepresentations and omissions concerning the costs of Amazon's expansion of its warehouse and fulfillment network. *See generally Asbestos Workers* Dkt. No. 1. However, unlike *CWA Local*, *Asbestos Workers* omitted any fraud claims related to Amazon's use of third-party seller data. *Asbestos Workers* alleged a class period extending from July 30, 2021 through April 28, 2022, inclusive—*i.e.*, shorter than the *CWA Local* class period, but still overlapping in significant part with *Joyce*. *Asbestos Workers* Dkt. No. 1 ¶ 1. Counsel for plaintiff in *Asbestos Workers* published a notice of pendency of the new action, advising putative class members of a September 6, 2022 deadline to seek appointment as lead plaintiff.

Two days later, on July 8, 2022, *Detectives* was filed, asserting substantively the same claims and alleging the same class period as *Detectives*. *See generally Detectives* Dkt. No. 1. Conspicuously, **counsel for plaintiff in *Detectives* is the same firm that filed *CWA Local***.

Taken together, the circumstances strongly suggest a deliberate effort to game the PSLRA by avoiding the consolidation of clearly related actions and artificially severing the claims concerning the costs of Amazon's expansion of its warehouse and fulfillment network, as originally alleged in *CWA Local*, from the third-party seller data claims alleged

RESPONSE TO NOTICE OF RELATED CASES - 3
(Case No. 2:22-CV-00617-JHC)

**BADGLEY MULLINS TURNER PLLC**
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

in *Joyce*. Because *CWA Local* was voluntarily dismissed before the July 5, 2022 lead plaintiff motion deadline in *Joyce*, *CWA Local* could not be consolidated with *Joyce*. Then, immediately after the *Joyce* lead plaintiff motion deadline passed, *Asbestos Workers* was filed, re-asserting the warehouse and fulfillment network claims first alleged in *CWA Local*—*i.e.*, just after the immediate risk that those claims would be consolidated with the claims in *Joyce* had passed.

Accordingly, Plaintiff respectively submits that *Asbestos Workers* and *Detectives* are plainly related to *Joyce*, and that holding otherwise would reward transparent gamesmanship by counsel.

Dated:  July 14, 2022

Respectfully submitted,

BADGLEY MULLINS TURNER PLLC

s/ *Duncan C. Turner*
Duncan C. Turner, WSBA No. 20597
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
Tel: (206) 621-6566
dturner@badgleymullins.com

POMERANTZ LLP
Jeremy A. Lieberman
(admitted *pro hac vice*)
J. Alexander Hood II
(admitted *pro hac vice*)
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

POMERANTZ LLP
Orly Guy
Eitan Lavie
HaShahar Tower
Ariel Sharon 4, 34th Floor
Givatayim, Israel 5320047

RESPONSE TO NOTICE OF RELATED
CASES - 4
(Case No. 2:22-CV-00617-JHC)

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

Telephone: +972 (0) 3 624 0240
Facsimile: +972 (0) 3 624 0111
oguy@pomlaw.com
eitan@pomlaw.com

*Counsel for Plaintiff Sonny Joyce*

### CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of July, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Ben Stephens*
Ben Stephens, Paralegal
**BADGLEY MULLINS TURNER PLLC**
Email:  bstephens@badgleymullins.com

RESPONSE TO NOTICE OF RELATED CASES - 5
(Case No. 2:22-CV-00617-JHC)

**BADGLEY MULLINS TURNER PLLC**
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686